**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
PATRICK BRYANT,

                Plaintiff,                              **DECISION AND ORDER**
                                                                   13-cv-5234 (ADS)(GRB)

        -against-

KRISTIN STEELE, personally, THOMAS
VERTREES, M.D., personally, DAVID
MARGUILIES, M.D., personally, BRENDA
GARRO, M.D., personally, STONY BROOK
UNIVERSITY MEDICAL CENTER,
THEDDEUS IHENNACHO, M.D., ABID
IQBAL KHAN, M.D., personally, LLOYD
SOOKU, M.D., personally, and BRUNSWICK
HOSPITAL CENTER, INC.,

                Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**Law Office of Ray Malone, PLLC**
*Attorneys for the Plaintiff*
207 Radio Ave
Miller Place, NY 11764
       By:    Robert James Malone, Esq., Of Counsel

**Touro College Jacob D. Fuchsberg Law Center, Civil Rights Clinic**
*Attorneys for the Plaintiff*
225 Eastview Drive
Central Islip, NY 11722
       By:    William M. Brooks, Esq., Of Counsel

**New York State Attorney General's Office**
*Attorneys for the Defendants Kristin Steele, personally; Thomas Vertrees, M.D., personally, David Marguiles, M.D., personally; Brenda Garro, M.D., personally; and Stony Brook University Medical Center*
200 Old County Road, Suite 240
Mineola, NY 11501
       Ralph Pernick, Assistant Attorney General

**Ivone, Devine & Jensen**
*Attorneys for the Defendant Theddeus Ihennacho, M.D., personally and Abid Iqbal Khan, M.D., personally*
2001 Marcus Avenue
Lake Success, NY 11042
    By:    Brian E. Lee, Esq., Of Counsel

**Lewis, Johs, Avallone, Aviles**
*Attorneys for the Defendant Brunswick Hospital Center, Inc.*
425 Broad Hollow Road
Melville, NY 11747
    By:    Greg M. Mondelli, Esq., Of Counsel

**Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.**
*Attorneys for the Defendant Lloyd Sooku, M.D.*
530 Saw Mill River Road
Elmsford, NY 10523
    By: James M. Skelly, Esq.
        Robert E. Fein, Esq., Of Counsel

**SPATT, District Judge.**

Familiarity with the prior factual and procedural history of this case is presumed.

However, by way of background, this civil rights and medical malpractice action arises out of the involuntary hospitalization of the Plaintiff ("Patrick Bryant") by the Defendants Stony Brook University Medical Center ("Stony Brook") and the Brunswick Hospital Center, Inc. ("Brunswick") in March 2011.

The second amended complaint, formally interposed on March 18, 2014, raises the following claims: (1) a 42 U.S.C. § 1983 claim against the Defendants Kristen Steele, Dr. Thomas Vertrees, and Dr. David Margulies, alleging a violation of the right against unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitutions; (2) a 42 U.S.C. § 1983 claim against Drs. Brenda Garro, Theddeus Ihennacho, and Abid Iqbal Khan, alleging a violation of the Plaintiff's substantive due process rights under the Fourteenth Amendment by authorizing the Plaintiff's commitment when he did not pose a

danger to himself or others; (3) a 42 U.S.C. § 1983 claim against Dr. Garro alleging a violation of substantive due process under the Fourteenth Amendment by failing to apply "well accepted risk assessment criteria;" (4) a 42 U.S.C. § 1983 claim against Drs. Inhennacho and Khan alleging a violation of substantive due process under the Fourteenth Amendment by making an assessment of danger that did not assure some degree of accuracy; (5) a 42 U.S.C. § 1983 claim against Drs. Garro, Ihennacho, and Khan alleging a violation of procedural due process under the Fourteenth Amendment; (6) a claim for a violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") against Stony Brook by allegedly making stereotypical assumptions about the Plaintiff based upon his diagnosis of mental illness; (7) a claim for a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (the "Rehabilitation Act") against Brunswick; (8) a New York State law claim for medical malpractice against Dr. Garro for failing to apply "well accepted empirically based criteria for assessing dangerousness"; (9) a New York State law claim for medical malpractice against Drs. Ihennacho, Khan, and Brunswick for concluding that the Plaintiff was dangerous in the absence of an evaluation pursuant to Mental Hygiene Law § 9.37; and (10) a New York State law claim for medical malpractice against Brunswick for subjecting the Plaintiff to psychiatric treatment supervised by an individual other than a psychiatrist.

On June 3, 2014, the Court granted in part and denied in part separate motions to dismiss by Brunswick and Drs. Steele, Garro, and Stony Brook (the "State Defendants"). In particular, the Court granted Brunswick's motion as to the Rehabilitation Act claim and dismissed that claim against it. The Court otherwise denied Brunswick's motion to dismiss the complaint against it. In addition, the Court granted the State Defendants' motion as to the claim relative to the payment of medical bills and the ADA claim against Stony Brook and the procedural and

substantive due process claims against Dr. Garro. The Court otherwise denied the State Defendants' motion to dismiss the complaint against them.

On October 1, 2014, the Plaintiff moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a) for leave to file a third amended complaint. The Plaintiff seeks to add a Fourth Amendment claim against Dr. Garro.

On November 18, 2014, the Defendants Drs. Ihennacho and Khan moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the second, fourth, fifth, and ninth causes of action as asserted against them. That motion is not yet fully briefed.

With respect to the motion to amend, the Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). After 21 days have elapsed, the party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)(citation omitted). However, leave should not be granted where the amendment is unduly delayed or brought in bad faith, or where it would prejudice the opposing party, or where it would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

In this case, a close reading of the proposed third amended complaint reveals that not only does the Plaintiff seek to add a Fourth Amendment claim against Garro, but also an additional cause of action against Sookhu and Brunswick and also, a new party, "Hunter EMS Inc." Specifically, in the proposed third amended complaint, the ninth cause of action states that "[b]y rendering treatment services to MR. BRYANT without his consent or acceptance of those

services, defendants Hunter EMS Inc., LLOYD SOOKHU M.D. and BRUNSWICK HOSPITAL CENTER never formed a valid and enforceable contract with MR' BRYANT and thus are not entitled to the balance owed on any outstanding bills as a result any [sic] unwanted treatment provided. They are also liable to MR. BRYANT for any charges MR. BRYANT must pay to satisfy any Medicaid lien." (Proposed Amended Compl., at ¶ 111.) Relatedly, the Plaintiff seeks an injunction prohibiting Sookhu and Brunswick from "assessing any care and treatment charges against [the Plaintiff]."

Sookhu and Brunswick take issue with the fact neither the Plaintiff's memorandum of law, nor declaration in support of his motion to amend, mentions this new cause of action and desired relief against them. "While not much case law exists in this Circuit about what constitutes bad faith for the purpose of denying a motion for leave to amend a pleading, a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." Franco v. Diaz, No. 14–CV–1909 (ILG)(RER), 2014 WL 4494470, at *6 (E.D.N.Y. Sept. 12, 2014)(citation and quotation omitted); Sims v. Electrolux Home Products, Inc., No. 5:13-CV-0625 (GTS)(DEP), 2014 WL 4828151, at *8 (N.D.N.Y. Sept. 29, 2014)(citing Franco); see State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 417–18 (2d Cir. 1990)(denying motion to amend where plaintiff sought strategic advantage by reserving certain claims until after court's choice of law determination).

To be sure, the Plaintiff's papers are less than revealing about the proposed modifications contained in the proposed third amended complaint. However, Sookhu and Brunswick cite no authority for the proposition that where, as here, a party seeking to amend a pleading files the proposed amended pleading, the onus is on that party to nonetheless make reference to each

5

substantive proposed modification. Therefore, the Court declines to deny the motion to amend on the ground on bad faith.

The Court next addresses "futility." "A proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim" pursuant to Rule 12(b)(6). <u>Kirk v. Heppt</u>, 423 F. Supp. 2d 147, 149 (S.D.N.Y. 2006)(citing <u>Oneida Indian Nation of New York v. City of Sherrill</u>, 337 F.3d 139, 168 (2d Cir. 2003). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," <u>Bell Atl. Corp. v.. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Inasmuch as the Plaintiff seeks to prevent Sookhu and Brunswick from collecting any outstanding medical bills, such as a claim would be futile for the simple reason that Brunswick has represented that it "is not seeking a balance on any outstanding bills . . . Brunswick is not seeking any payment, as it has already been paid." (Doc No. 108, at 4.) For the same reason, the Plaintiff may not seek declaratory relief as to any bills owed by him to Brunswick.

With regard to the Plaintiff's prayer for reimbursement related to any Medicaid lien, absent any case law cited by the parties on this issue, the Court is not prepared at this time to hold that such a claim would be futile. However, as detailed later, the Court would entertain a more fully-briefed motion to dismiss this claim.

The Court next addresses prejudice to Sookhu and Brunswick, which the Second Circuit has cited as "among the 'most important' reasons to deny leave to amend." <u>AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.</u>, 626 F.3d 699, 725–26 (2d Cir. 2010)(citing <u>State Teachers Ret. Bd. v. Fluor Corp.</u>, 654 F.2d 843, 856 (2d Cir. 1981)).

In AEP Energy, the Second Circuit held that "the district court was correct to deny the "belated attempt to inject a new legal theory" into the case on grounds of undue delay and prejudice" because of the plaintiffs' significant, three-year delay in amending the complaint. Id. at 726.

However, unlike in AEP Energy where the plaintiffs' motion for leave to amend was made "three years after they filed their complaint," here, the motion for leave to amend was filed about a year after the filing of the original complaint.

That said, the Court could deny the motion to amend on the basis that it was filed one day after the September 30, 2014 scheduling order deadline for amended pleadings. Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000)(a district court did not abuse its discretion in denying the petitioner's motion to amend "on the ground that the motion was brought after the court-ordered deadline for amending the pleadings.")  However, the Court declines to do so, exercising its discretion to consider documents violated in violation of procedural rules. Njasang Nji v. Heath, No. 13 CIV. 200 (CM), 2014 WL 6433299, at *3 (S.D.N.Y. Nov. 10, 2014)(recognizing that the "[C]ourt has discretion to consider documents filed in violation of procedural rules.")(quoting Ruggiero v. Warner–Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005)).

Further, the Court discerns little, if any, prejudice to Sookhu and Brunswick, or to any of the other defendants, as a result of permitting the Plaintiff to assert his request for reimbursement related to any Medicaid lien.  This is because such an amendment is not likely to result in the expenditure of "significant additional resources" on discovery because the same set of circumstances and facts to the second amended complaint are alleged. AEP Energy Servs., 626 F.2d at 725–26 (citing State Teachers Ret. Bd., 654 F.2d at 856); Santiago v. Rossi, No.

3:12CV132 (JBA), 2013 WL 2446523, at *2 (D. Conn. June 5, 2013)(citing AEP. Energy Servs.) Further, even in circumstances where there was significant delay and discovery had been completed, the Second Circuit has granted leave to amend, particularly where the amendments sought were just "variations on the original theme." See Hanlin v. Mitchelson, 794 F.2d 834, 841 (2d Cir. 1986); see also United States for & on Behalf of Mar. Admin v. Cont'l Ill. Nat. Bank & Trust Co. of Chi., 889 F.2d 1248, 1255 (2d Cir. 1989)("the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.").

However, to the extent the Plaintiff seeks to add Hunter EMS as a defendant, the Court exercises its discretion to deny that request on the basis that the Plaintiff has failed to set forth any facts linking Hunter EMS to the underlying events, let alone facts plausibly stating a claim for relief. Indeed, the Court notes that the caption contained in the proposed third amended complaint omits Hunter EMS as a defendant.

In sum, the Plaintiff's motion to file a third amended complaint is granted in part and denied in part. The motion is granted to the extent the Plaintiff seeks to assert a claim that Sookhu and Brunswick are liable to him for any charges that the Plaintiff must pay to satisfy any Medicaid lien. The motion to add Hunter EMS as a party defendant is denied. The motion is otherwise denied. The Plaintiff is directed to file a third amended complaint consistent with this Order within 14 days of the date of this Order. Sookhu and Brunswick will then have 30 days to formally move to dismiss the Medicaid lien claim. The Court reserves decision on the motion to dismiss.

**SO ORDERED.**

Dated: Central Islip, New York
December 9, 2014

                                                  _Arthur D. Spatt_
                                                   ARTHUR D. SPATT
                                               United States District Judge