UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X
PATRICK BRYANT,

Plaintiff,

-against-

KRISTEN STEELE, personally;
BRENDA GARRO, personally; and
DAVID MARGULIES, M.D.,
personally,

Defendants.[1]
-----------------------------------------------X

ORDER
13-CV-5234 (JS) (ARL)

APPEARANCES

For Plaintiff
Patrick Bryant: William M. Brooks, Esq.
Center for Justice, Civil Rights and Liberties, Inc.
P.O. Box 421
Port Washington, New York 10050

For Defendants
Kristen Steele,
and David
Margulies, M.D.: Toni E. Logue, Esq.
Assistant Attorney General
Attorney General of the State of New York
200 Old Country Road, Suite 240
Mineola, New York 11501

SEYBERT, District Judge:

Following the death of Dr. Brenda Garro ("Dr. Garro"), a defendant in the above-captioned action (the "Action"), Plaintiff Patrick Bryant ("Plaintiff") moves under Federal Rule of

[1] Because Thomas Vertrees has been dismissed from the case (see ECF No. 238), the Court sua sponte revises the case caption.

Civil Procedure 25(a) to substitute Dr. Garro with Ciprian Spenser, M.D. ("Dr. Spenser"), Dr. Garro's ex-husband, as next friend for their two minor children Michael Evan Spenser and Sienna Amanda Spenser (the "Children"). (See Motion, ECF No. 235; Support Memo, ECF No. 235-8; Reply, ECF No. 248.) Remaining defendants Kristen Steele and David Margulies, M.D. (collectively, "Defendants"), oppose the Motion. (See Opp'n, ECF No. 245.) Because the Children, as distributees of Dr. Garro's estate, are proper parties under Rule 25(a), the Motion is GRANTED for the reasons discussed below.

**BACKGROUND**

**I. Facts**

**A. Background**

This Action relates to Plaintiff's March 2011 involuntary hospitalization, first at Stony Brook University Medical Center ("Stony Brook") and then at Brunswick Hospital ("Brunswick"), a psychiatric facility. See Bryant v. Steele, 462 F. Supp. 3d 249 (E.D.N.Y. 2020), aff'd sub nom. Bryant v. Iheanacho, 859 F. App'x 604 (2d Cir. 2021). Plaintiff alleges Dr. Garro, the attending psychiatrist at Stony Brook during his hospitalization, authorized his transfer to Brunswick after a three-minute psychiatric examination. (Id. at 3); Bryant, 462 F. Supp. 3d at 255. Plaintiff alleges Dr. Garro's actions violated his Fourth and Fourteenth Amendment rights under the U.S. Constitution and amounted to medical malpractice under New York

law. (Id.) Defendants, by contrast, contend Dr. Garro had probable cause to believe Plaintiff was a danger to himself and others. (Id. at 4.)

On April 14, 2024, Dr. Garro passed away in California, where she resided. (Support Memo at 1; Opp'n at 3-4; see also Suggestion of Death, ECF No. 225.) On August 13, 2024, Judge Lindsay granted Plaintiff's consent request "to reopen discovery for the limited purpose of discovering the identity of the appropriate person to substitute pursuant to Rule 25." (See August 14, 2024 Order.) Over the past two years, this Court has granted several of Plaintiff's requests for extensions of time to file his Motion to Substitute. (See Case Docket, in toto.)

On February 28, 2025, Plaintiff deposed Dr. Garro's sister, Frances Garro-Colon ("Frances"), pursuant to the re-opened limited discovery. (See Frances Tr., Ex. C, attached to Motion.) Frances represented she did not believe Dr. Garro had a will and that she had informally disposed of Dr. Garro's estate. (Id. at 17:04-9; 21:01-22:09.) Dr. Garro, who was not married at the time of her death, had two Children with Dr. Spenser prior to their divorce in approximately 2016 or 2017. (Id. at 9:18-10:18, 12:06-12; Support Memo at 2.) Following Dr. Garro's death, Frances stated she spoke to Dr. Spenser, who informed Frances that he went to Dr. Garro's apartment and took "whatever he thought was

appropriate for their children."[2] (Frances Decl. ¶ 2, ECF No. 235-7, attached to Motion.) Dr. Spenser has since relocated from California to Florida and has not made any appearance in the Action. (Reply at 4.)

Frances testified that, after Dr. Spenser's visit to the apartment, Dr. Garro's estate consisted of a small checking account and personal household items, such as furniture, televisions, and clothing. (Frances Tr. at 21:01-23:25.) The checking account balance was used for cemetery costs, and the household items were either given to family or friends or donated. (Id.) According to Frances, Dr. Garro owned no real estate or vehicles. (Id. at 23:08-18.)

**B. Motion & Opposition**

On April 21, 2026, Plaintiff filed his Motion and Support Memo. (See Motion; Support Memo.) Because distributees are often considered proper parties for substitution—and because the Children were her distributees under New York and California's intestate distribution laws—Plaintiff contends Dr. Spenser should represent the Children solely in a "next friend" capacity under Federal Rule 17(c). (Support Memo at 5-6; see also Fed. R. Civ. P. 17(c)(2) ("[a] minor or an incompetent person who does not have

[2] Frances did not specify what Dr. Spenser took from Dr. Garro's apartment.

a duly appointed representative may sue by a next friend").) Plaintiff contends Dr. Spenser will not suffer unfairness in this context because New York law provides him with representation by the New York Attorney General and indemnification for claims arising from Dr. Garro's conduct within the scope of her public employment. (Id. at 8-9.)

On July 31, 2026, Defendants filed their Opposition. (See Opp'n.) Defendants argue Dr. Spenser is not a proper party because he did not benefit from Dr. Garro's estate and has not indicated whether he would be willing to be Dr. Garro's substituted party. (Id. at 3.) Defendants also contend "forcing a former spouse who resides in Florida, a state across the country from where Brenda Garro died (California), and from where this case is venued (New York) should be denied as inherently unfair to Mr. Spenser." (Id. at 3-4.) Any potential representation by New York State, in Defendants' view, is irrelevant to whether Dr. Spenser is a proper party in the first place. (Id. at 5.)

On August 10, 2026, Plaintiff filed his Reply. (See Reply.) In a declaration attached to the Reply, Plaintiff's counsel has represented "that the plaintiff does not seek damages personally from Dr. Spenser; only money that the State is required to indemnify[.]" (Brooks Decl. ¶ 5, ECF No. 248-1, attached to Reply.)

## DISCUSSION

### I. Applicable Law

Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). A court has the discretion to grant a motion to substitute where: (1) the motion is timely; (2) plaintiff's claims are not extinguished by death; and (3) "the movant proposes a proper party for substitution." Natale v. Country Ford Ltd., 287 F.R.D. 135, 136 (E.D.N.Y. 2012). Courts generally hold a "proper party" is either (1) "a successor of the deceased party;" such as a distributee of an estate that has already been distributed, or (2) "a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate." Roe v. City of N.Y., No. 00-CV-9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (quoting Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y.1986)). "The Second Circuit has held that '[a] motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of [Rule 25(a)(1)] . . . it may be denied by the court in the exercise of [ ] sound discretion if . . . circumstances have arisen rendering it unfair to allow substitution.'" U.S. ex rel. Colucci v. Beth Israel Med. Ctr., 603 F. Supp. 2d 677, 684 (S.D.N.Y. 2009) (quoting Saylor v. Bastedo, 623 F.2d 230, 236 (2d Cir. 1980)).

## II. Application

Since the Parties both agree Plaintiff timely filed the Motion and the claims against Dr. Garro have not been extinguished (See Support Memo at 3-5; Opp'n at 2), the only issue under Rule 25(a) is whether Dr. Spenser, as next friend for the Children, is a proper party.

Plaintiff cites no case-and the Court is aware of none-finding a former spouse may be substituted under Rule 25(a), whether as a "next friend" or otherwise. However, Plaintiff cites several cases holding an intestate distributee is a proper party for substitution. See Todd v. A Team Sec., Inc., No. 20-CV-1568, 2021 WL 11636881, at *1, *6 (E.D.N.Y. Sept. 9, 2021), report and recommendation adopted, Oct. 5, 2021 Order (intestate plaintiff's father substituted where plaintiff had no spouse or children); U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Sager, 630 F. Supp. 3d 417, 421 (E.D.N.Y. 2022) (defendant's children were proper parties for substitution where, despite the absence of evidence of a will, two of the three children lived in the defendant's home); Tankleff v. County of Suffolk, No. 09-CV-1207, 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016) (son of defendant who died intestate was a proper party). These cases indicate the Children are proper parties for substitution because they are intestate distributees of Dr. Garro's estate. If the

Children were adults, and Dr. Spenser were not involved, there would be little to dispute on this point.

But, because the Children are not adults, appointing Dr. Spenser as their "next friend" is prudent in this context. Although the Court has concerns about whether an ex-spouse can adequately represent the interests of a former spouse's estate, the limited nature of Dr. Spenser's role warrants his inclusion in this instance. Dr. Spenser is, essentially, the conduit through which Plaintiff may pursue indemnified claims against the Children, who, in turn, as distributees of Dr. Garro's estate, are properly substituted parties for Dr. Garro, a New York State employee. This finding is bolstered by (1) the free representation obtained by Dr. Spenser from the New York Attorney General and (2) Plaintiff's counsel's representation that he is seeking "only money that the State is required to indemnify[.]" (Brooks Decl. ¶ 5.) In Tankleff, this Court likewise considered the availability of indemnification in determining whether substitution under Rule 25(a) would be appropriate.[3] See Tankleff, 2016 WL 3162059, at *2 ("[i]t is important to note, however, that Plaintiff does not seek money damages from" the substituted parties where defendant was an indemnified government employee). And, as other cases have held,

[3] If Plaintiff's counsel seeks discovery from Dr. Spenser, he may file a motion to quash through defense counsel.

unawareness of a proceeding does not warrant a finding of unfairness. See CFS 12 Funding LLC v. Wiesen, No. 21-CV-9711, 2023 WL 3817910, at *3 (S.D.N.Y. June 5, 2023). Hence, given the factual scenario of this case and, in its discretion, the Court finds the requested substitution permissible.

## CONCLUSION

For the stated reasons, Plaintiff's Motion is GRANTED. Accordingly, the Court ORDERS that Dr. Spenser be substituted as a Defendant, in his capacity as next friend for the Children.

The Parties are further directed to file an amended Pre-Trial Order that conforms to this ruling by no later than September 15, 2026.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 24, 2026
Central Islip, New York